UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID WILBURN,

                       Plaintiff,

                                                          <u>DECISION AND ORDER</u>

                                                          04-CV-6589L

               v.

EASTMAN KODAK CORPORATION,

                       Defendant.
_____

      Plaintiff filed this *pro se* employment discrimination action on November 29, 2004. On May 3, 2005, defendant moved to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(5) for failure to comply with Federal Rules of Civil Procedure 4(m). In the alternative, defendant requested dismissal, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of plaintiff's claims under the New York State Human Rights Law, codified at New York State Executive Law § 290 *et seq*.

**Dismissal Pursuant to Rule 12(b)(5)**

      Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to effect proper service on the defendant within 120 days of filing the complaint. Fed.R.Civ.P. 4(m). If the plaintiff shows good cause, however, a court must grant additional time for service. *Id*. Factors to consider when determining whether good cause has been shown include whether "(1) plaintiff exhibited reasonable

diligence or made reasonable effort to effect service and (2) there is any prejudice to defendants as a result of the delay." *Feingold v. Hankin*, 269 F.Supp.2d 268, 276 (S.D.N.Y. 2003).

In addition, a court may grant additional time for service without a showing of good cause. *See* Fed.R.Civ.P. 4(m). When determining whether an extension is appropriate in the absence of good cause, a court should consider: "(1) whether the statute of limitations would bar the re-filed action; (2) whether the defendant had attempted to conceal the defect in service; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of plaintiff's relief from the provision." *Feingold*, 269 F.Supp.2d at 277. Additional factors to consider include: whether actual service has been obtained and whether the plaintiff relied on service by the United States Marshals. *See Jaiyeola v. Carrier Corp.*, 73 Fed.Appx. 492, 494 (2d Cir. 2003).

I believe that an extension is warranted in the present case and that defendant's motion to dismiss be denied. Plaintiff filed the complaint on November 29, 2004 and the United States Marshal mailed the summons and complaint on March 8, 2005, well within the 120 day period. While it is true that the defendant did not sign the acknowledgment of receipt until April 13, 2005, outside of the 120 day period, it appears, according to the date stamp on the summons, that the summons and complaint were received by the defendant almost a month earlier, on March 18, 2005. (See Doc. # 5, Ex. # 10). Thus, the defendant had actual notice, and service has been effected, although admittedly outside of the 120 day period. Further, the statute of limitations has run and a dismissal at this point would effectively be with prejudice. *See Ocasio v. Fashion Inst. of Tech.*, 86 F.Supp.2d 371, 376-77 (S.D.N.Y. 2000).

Moreover, although the defendant asserts in conclusory terms that it is prejudiced by the delay, the defendant has failed to offer any facts which would substantiate this assertion. *See Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 58 (E.D.N.Y.1999) (requiring specific allegations to demonstrate prejudice, for example loss of evidence or inability to locate witnesses). The Court is cognizant of the fact that plaintiff is proceeding *pro se*, and while "ignorance of the law, even in the context of *pro se* litigants does not constitute good cause [under Rule 4(m)]," *Charles v. New York City Police Dept.*, No. 96CIV.9757(WHP)(THK), 1999 WL 717300, at *6 (S.D.N.Y. Sep. 15, 1999), there is an "obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Therefore, I find that plaintiff is entitled to an extension of time to serve his complaint, *nunc pro tunc*.

**Partial Dismissal Pursuant to Rules 12(b)(1) and 12(b)(6)**

Defendant suggests that plaintiff has alleged violations of the New York State Human Rights Law § 290 *et seq*. in his complaint. Even construed liberally, it is difficult to conclude that any Human Rights Law violation has been alleged by the plaintiff. However, to the extent that any such claims are alleged in the plaintiff's complaint, I agree with the defendant that such claims must be dismissed.

On July 8, 2003 and on January 9, 2004, plaintiff filed a complaint with the New York State Division of Human Rights (NYSDHR). (See Doc. # 5, Exs. 4-5). It is well settled that if a litigant elects to bring a discrimination complaint before the NYSDHR, that litigant may not bring a subsequent judicial action based on the same incident. N.Y. Exec. L. § 297(9); *see York v. Ass'n of*

*the Bar of the City of New York*, 286 F.3d 122, 127 (2d Cir. 2002). A litigant may bring a subsequent judicial action only when the NYSDHR dismissed the claim for administrative inconvenience. *Ganthier v. North Shore-Long Island Jewish Health Sys., Inc.*, 345 F.Supp.2d 271, 282 (E.D.N.Y. 2004). NYSDHR dismissed plaintiff's claim because they found no probable cause to support the claims, (See Doc. # 5, Exs. 6-7), therefore, to the extent that any of plaintiff's claims allege a violation of the New York Human Rights Law, those claims must be dismissed. *See id*.

## CONCLUSION

Defendant's motion to dismiss (Doc. # 5) is granted in part and denied in part. To the extent that plaintiff's complaint alleges claims under NYHRL § 290 *et seq.*, they are dismissed with prejudice.

Defendant has 20 days from entry of this order to answer plaintiff's complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 15, 2005.